1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7  BKWSPOKANE, LLC, a Washington
   limited liability company,                NO:  12-CV-0521-TOR
8
                        Plaintiff,           ORDER GRANTING DEFENDANTS'
9                                            MOTIONS TO DISMISS

        v.
10
   FEDERAL DEPOSIT INSURANCE
11 CORPORATION, As Receiver for
   Bank of Whitman; and COLUMBIA
12 STATE BANK, N.A., a Washington
   banking corporation,
13
                        Defendants.
14

15        BEFORE THE COURT is Defendant Federal Deposit Insurance

16 Corporation's, as Receiver for Bank of Whitman, Motion to Dismiss (ECF No.

17 12).  Also before the Court is Defendant Columbia State Bank's Motion to Dismiss

18 (ECF No. 19).  This matter was heard with oral argument on January 24, 2013.

19 Robert A. Dunn appeared on behalf of the Plaintiff.  John H. Jamnback and Robert

20 Carpenter appeared on behalf of Defendant FDIC.  Diane M. Myers appeared on

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

behalf of Defendant Columbia State Bank.  The Court has reviewed the relevant pleadings and supporting materials, received the benefit of oral argument, and is fully informed.

BACKGROUND

Plaintiff BKWSPOKANE, LLC ("BKW") brings six causes of action against Defendants Federal Deposit Insurance Corporation ("FDIC") and Columbia State Bank ("Columbia") including: breach of contract, part performance, promissory estoppel/implied contract, equitable estoppel, quantum meruit/unjust enrichment, and unconstitutional taking/impairment of contract. Presently before the Court are Defendant FDIC's Motion to Dismiss claims two through six, and Defendant Columbia's Motion to Dismiss all claims.

FACTS

For the purposes of the Motions to Dismiss, the following facts appear to be undisputed by the parties.  BKW owns the property and improvements located at 618 West Riverside Avenue, Spokane, Washington ("Subject Property"), which are the subject of the instant lawsuit.  On June 22, 2007, BKW entered into a lease of the Subject Property, as lessor, with the Bank of Whitman, a Washington State chartered bank, as lessee, for the term of 25 years ("BOW lease").  ECF No. 1-1. On August 5, 2011, the Washington State Department of Financial Institutions closed the Bank of Whitman and appointed the FDIC as Receiver.  Under the

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 2

Financial Institutions Report, Recovery, and Enforcement Act of 1989

("FIRREA"), all of the assets and obligations of the Bank of Whitman were

transferred to the FDIC as Receiver.

Immediately upon the closing of the Bank of Whitman, the FDIC entered

into a Purchase and Assumption Agreement ("PAA") with Columbia,[1] under

which the FDIC transferred certain assets and Columbia assumed certain deposits

and liabilities of the Bank of Whitman.  Columbia began occupying and

conducting banking operations out of the Subject Property.  However, under the

terms of the PAA, Columbia did "not purchase, acquire or assume, … leased or

owned Bank Premises and leased or owned Fixtures, Furniture and Equipment

located on leased or owned Bank Premises, if any."  ECF No. 20-1 at § 3.5(f).

Rather, Columbia was given an exclusive option to assume the BOW lease within

ninety days of the Bank Closing Date.  *Id* at § 4.6(b).  For the period it occupied

the Subject Property, Columbia made monthly lease payments to BKW on behalf

of the FDIC as Receiver.  On February 3, 2012, Columbia notified BKW that it

---

[1] The PAA is a matter of public record and properly subject to judicial notice when

deciding a motion to dismiss.  *See e.g.*, *Allen v. United Financial Mortg. Corp.*,

660 F. Supp. 2d 1089, 1093 (N.D. Cal. 2009)(taking judicial notice of a purchase

and assumption agreement).  The Court will take judicial notice of the PAA for the

purposes of deciding the Defendants' Motions to Dismiss only.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 3

1 intended to cease occupying the Subject Property on June 30, 2012.  Subsequently,

2 the FDIC notified BKW that it was repudiating the BOW lease.

3 DISCUSSION

4 **A. Standard of Review**

5 To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint

6 must set forth factual allegations sufficient "to raise a right to relief above the

7 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The

8 tenet that a court must accept as true all of the allegations contained in a complaint

9 is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause

10 of action, supported by mere conclusory statements, do not suffice. *Id*. ("Although

11 for the purposes of a motion to dismiss we must take all of the factual allegations

12 in the complaint as true, we are not bound to accept as true a legal conclusion

13 couched as a factual allegation" (internal quotation marks omitted)). A pleading

14 that offers "labels and conclusions" or "a formulaic recitation of the elements of a

15 cause of action will not do."  *Id*.

16 Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a

17 "short and plain statement of the claim showing that the pleader is entitled to

18 relief."  The pleading standard set by Rule 8 of the Federal Rules of Civil

19 Procedure "does not require 'detailed factual allegations,' but it demands more

20 than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

1   *Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 marks a notable and generous departure

2   from the hyper-technical, code-pleading regime of a prior era, but it does not

3   unlock the doors of discovery for a plaintiff armed with nothing more than

4   conclusions.  *Id*. at 678-79.  In assessing whether Rule 8(a)(2) is satisfied, the

5   Court first identifies the elements of the asserted claim based on statute or case

6   law.  *Id*. at 678.  The Ninth Circuit follows the methodological approach set forth

7   in *Iqbal* for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by
> identifying pleadings that, because they are no more than conclusions, are
> not entitled to the assumption of truth. While legal conclusions can provide
> the framework of a complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement to relief."

12   *Moss v. U.S. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009) (*quoting Iqbal*, 129

13   S.Ct. at 1950).

14   **B. Breach of Contract/Implied Contract against Columbia**

15      As an initial matter, Defendant FDIC does not seek to dismiss BKW's

16   breach of contract claim as part of the instant motion.  Thus, the Court declines to

17   consider the portions of BKW's opposition arguing whether the FDIC timely and

18   reasonably repudiated the BOW Lease under FIRREA.[2]  See ECF No. 25 at 7-9,

_____

19   [2] Under FIRREA, the Receiver may repudiate a contract or lease if the

20   performance of the lease is determined to be burdensome, and repudiation would

12-15.[3]  Instead, the Court turns its attention to Columbia's argument that BKW and Columbia have no contractual relationship as a matter of law, and thus the breach of contract claim against it must be dismissed with prejudice.

Columbia relies heavily on a recent Ninth Circuit case to argue that BKW has no standing to assert claims under the PAA.  *See GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank*, 671 F.3d 1027 (9th Cir. 2012).  In *GECCMC*, the plaintiff claimed that defendant, who entered into a PAA with the FDIC as Receiver, had no option under the express terms of the PAA to choose not

promote the orderly administration of the institution's affairs.  12 U.S.C. § 1821(e)(1).  The Receiver must determine whether to exercise its right to repudiate within a "reasonable period following appointment."  *Id*. at § 1821(e)(2).

[3] When a court considers evidence outside the pleadings when ruling on a 12(b)(6) motion, it must normally convert the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d).  BKW offers documents in support of its argument regarding the first cause of action that are outside the pleadings without asserting any exceptions that would allow the Court to consider this evidence, such as judicial notice or the incorporation by reference doctrine.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Therefore, the Court excludes this evidence from its consideration of this matter and declines to convert the instant motion to dismiss into a motion for summary judgment.

to assume several leases because they were not "Bank Premises." *See id*. at 1030-

1031.  In reaching its holding, the court examined a provision of that PAA that is

identical to the PAA in the instant case, disclaiming the creation of third party

rights unless expressly set forth in the PAA as follows:

> Except as otherwise specifically provided in this Agreement, nothing
> expressed or referred to in this Agreement is intended or shall be construed
> to give any Person other than the Receiver, the Corporation and the
> Assuming Institution any legal or equitable right, remedy or claim under or
> with respect to this Agreement, or any provisions contained herein, it being
> the intention of the parties hereto that this Agreement, the obligations and
> statements of responsibilities hereunder, and all other conditions and
> provisions hereof are for the sole and exclusive benefit of the Receiver, the
> Corporation and the Assuming Bank and for the benefit of no other Person.

*Id*.; ECF No. 20-1 at § 13.5. The court held that plaintiff had no standing to enforce

it's rights under the PAA because it was not a party to the contract and was not an

intended beneficiary.  *Id*. at 1036 (noting that plaintiff's best recourse for recovery

of losses would be against the FDIC in district court).  The court also found that

"[a]llowing [plaintiff] to enforce rights under the [PAA] would impede FIRREA's

mandate to 'preserve and conserve the assets and property of [the Failed Bank], 12

U.S.C. § 1821(d)(2)(B)(iv), by opening the door to suits from any number of third

parties who might claim a benefit from the [PAA's] terms." *Id*. at 1035.  In

keeping with the court's holding in *GECCMC*, Columbia argues that BKW

similarly has no standing to assert claims under the PAA between Columbia and

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 7

the FDIC because BKW is not a party to the PAA, nor is it an intended third-party beneficiary.[4]

BKW makes several arguments in response.  First, BKW insists that it does not claim to be a third-party beneficiary to the PAA.  Rather, it claims that "either the FDIC remains liable under the terms of the Master Lease, … or Columbia assumed the [BOW lease] and must answer to BKW for the damages alleged thereunder."  Thus, BKW argues that *GECCMC* is inapplicable in this case because BKW is attempting to enforce the terms of the BOW lease, not the terms of the PAA.  ECF No. 25 at 22.  Instead, BKW relies on an unpublished New York district court case in which the plaintiff argued that defendant bank automatically

---

[4] Several days before oral argument, Defendant Columbia provided the Court supplemental authority in support of its argument out of the Eleventh Circuit.  *See Interface Kanner, LLC v. JPMorgan Chase Bank*, --- F.3d ---, 2013 WL 104984 (11th Cir. Jan. 10, 2013).  As in the present case, the plaintiff in *Interface* was a landlord arguing that a bank had assumed a lease because it occupied the premises under the terms of a PAA with the FDIC.  *Id*. at *2.  The *Interface* court agreed with the reasoning in *GECCMC* and found plaintiff was not an intended third-party beneficiary and had no standing to enforce the PAA.  *Id*. at *5.  Moreover, the court found that plaintiff's privity of estate argument failed because it had no standing to enforce the PAA.  *Id*.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 8

assumed the lease under the terms of the PAA because the lease at issue did not

fall within the exceptions to that provision's wholesale assumption of assets (i.e.

the lease was not part of the "Bank Premises" that defendant could choose not to

assume). *Hillside Metro Assoc., LLC v. JPMorgan Chase Bank, Nat. Ass'n*, No.

10-CV-1772, 2011 WL 5008368 at *2-3 (E.D.N.Y. Oct. 20, 2011).  In *Hillside*, the

court examined conflicting federal district court decisions on this issue (including

the *GECCMC* case above) and found that the plaintiff had standing to pursue its

claim because it "advanced a plausible reading of the PAA that would place it in

privity with [defendant bank] under New York law."  *Id*. at *8 (noting that a

plaintiff has standing when the alleged breach of contract also violated an

independent duty owed to the plaintiff, perhaps based in tort or property law).

        In light of the explicit Ninth Circuit holding in *GECCMC*, the Court declines

to adopt the reasoning of the court in *Hillside*, and finds that BKW has no standing

to assert a breach of contract claim against Columbia under the PAA.  Further,

assuming *arguendo* that the Court was not bound by this precedent, the Court also

finds that *Hillside* is distinguishable because there is no factual dispute in this case

as to whether the lease was automatically assumed under the explicit terms of the

PAA.   It is undisputed that pursuant to the PAA Columbia did *not* automatically

assume the leased or owned bank premises.  *See* ECF No. 20-1 at § 3.5(f).  Instead,

Columbia elected not to assume the lease, and notified the FDIC as required under

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 9

1   the terms of the PAA.  All liabilities and obligations, including the lease, that are

2   not assumed by Columbia remain with the FDIC as Receiver.  *See* 12 U.S.C.

3   § 1821(c).  Thus, BKW does not have standing to assert a breach of contract claim

4   against Columbia under the PAA.

5          As indicated above, BKW alternatively argues that its claim is not based on

6   the PAA, maintaining instead that the breach of contract claim against Columbia is

7   viable based on Columbia's "assumption" of the BOW lease by conduct including

8   paying rent, taxes, hiring a property manager, and assuming management of the

9   subleases.  BKW poses the following question: "by what authority did Columbia

10  occupy the Subject Premises and perform all of the other duties and obligations of

11  the Master Lease, in particular, after it allegedly disaffirmed the Master Lease?"

12  ECF No. 25 at 23.   The answer is clear: the authority to occupy the premises was

13  accorded to Columbia under the PAA by the FDIC.   It is not disputed that the

14  FDIC as Receiver succeeded to all the rights and powers BOW previously held.  12

15  U.S.C. § 1821(d)(2).  Under § 4.6(e)(i) of the PAA, Columbia agreed to pay the

16  Receiver, or appropriate third parties at the direction of the Receiver (in this case

17  BKW) the market rental value as well as operating costs including taxes, fees,

18  maintenance, utilities, insurance, and assessments.  ECF No. 20-1 at § 4.6(e)(i).

19  Moreover, even if Columbia failed to timely notify the FDIC of its intention to

20  vacate the premises within the 90 day time period to assume the lease (§ 4.6(b)), or

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 10

the additional 90 days to specify the date it would cease occupancy of the Subject Property upon electing not to assume the lease (§ 4.6(g)(ii)), Columbia "shall, at *the Receiver's option*, be deemed to have assumed all lease, obligations and liabilities with respect to such premises." *Id*. at § 4.6(g)(ii)(emphasis added). Thus, at the discretion of the FDIC, Columbia could occupy the premises, without any implicit assumption of the lease, even after the contractual deadlines have expired.  As indicated above, BKW has no standing under the PAA to enforce the FDIC's rights.  Moreover, the Court finds no allegation by BKW indicating that Columbia's actions were inconsistent with its occupancy requirements pursuant to the PAA, and therefore the alleged "conduct" cannot be evidence of an implied contract between BKW and Columbia.

Furthermore, from a policy perspective, if the Court were to recognize BKW's claim against Columbia, then any acquiring bank who enters into a PAA would impliedly assume an underlying contract merely by performing under the PAA.  This would certainly inhibit the willingness of an acquiring bank to enter into a PAA, and hinder the statutory purpose of FIRREA to deal expeditiously with failed depository institutions. *See McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1079 (9th Cir. 2003).  For all of these reasons, the Court finds that the breach of contract or implied contract claims against Columbia fail to state a claim as a matter of law.

As indicated by the Court in *GECCMC*, any remedy for BKW's breach of contract claim is appropriately sought from the FDIC. *See GECCMC*, 671 F.3d at 1036.

**C. BKW's Equitable Claims (Claims 2-5) – Equitable Estoppel, Unjust Enrichment/Quantum Meruit, Part Performance, and Promissory Estoppel**

Congress enacted FIRREA in response to the savings and loan crisis of the 1980's and the Act is directed at protecting insured deposits and the rights of creditors. *Sharpe v. F.D.I.C.*, 126 F.3d 1147, 1156 (9th Cir. 1997). FIRREA provides a detailed statutory procedure "to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed banks." *McCarthy*, 348 F.3d at 1079. Under FIRREA, the Receiver has the authority to repudiate a contract or lease, under certain conditions,[5] and allows claims for certain relief. See 12 U.S.C. § 1821(e)(1)-(4)(liability of the Receiver is limited to actual direct compensatory damages).

The FDIC argues that all of BKW's claims, aside from the breach of contract claim, are "an impermissible attempt to circumvent the explicit statutory remedies" because under FIRREA if a Receiver repudiates a lease, the lessor is only entitled to contractual rent for the time the Receiver occupies the Subject Property. ECF No. 13 at 18 (*citing* 18 U.S.C. § 1821(e)(4)). Columbia further

---

[5] *See* fn. 2 supra.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 12

contends that FIRREA provides a mechanism for a lessor to pursue claims that result from the failure of a banking institution (as noted above by the FDIC), and allowing the claims against Columbia would subvert that statutory scheme.  *See GECCMC*, 671 F.3d at 1035 (allowing a lessor to enforce rights under a PAA "would impede FIRREA's mandate to 'preserve and conserve the assets and property of [the Failed Bank], 12 U.S.C. § 1821(d)(2)(B)(iv), by opening the door to suits from any number of third parties who might claim a benefit from the Agreement's terms.").  Neither Defendant disputes that regardless of the dismissal of BKW's equitable claims, BKW may seek relief through its breach of contract claim against Defendant FDIC, as governed by FIRREA.

BKW responds generally that these arguments illustrate that the FDIC's belief that it is "above the law" and "free to trammel the rights of ordinary citizens and businesses."  ECF No. 25 at 12.  BKW then goes on to assert that the district court has the power to determine whether the FDIC acted properly with the authority of FIRREA (i.e. whether it "reasonably" repudiated the lease).  Again, the Court declines to address the merits of BKW's breach of contract claim against the FDIC as it is not challenged by the FDIC in the instant motion.  BKW does not advance any argument as to why its claims, aside from the breach of contract claim, should be allowed under FIRREA.  The Court finds Defendants' arguments

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 13

persuasive.  However, notwithstanding these important policy considerations, the Court finds that BKW's equitable claims fail as a matter of law.

### 1.  Equitable Estoppel

It is widely held under Washington law that equitable estoppel "is available only as a 'shield' or defense, while promissory estoppel can be used as a 'sword' in a cause of action for damages."  *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wash.2d 255, 259 (1980).  BKW conceded at oral argument that equitable estoppel is not a valid claim.  Thus, the Court dismisses the equitable estoppel claim against both Defendants.

### 2.  Unjust Enrichment/Quantum Meruit

As a general matter, Defendant FDIC argues that all of BKW's equitable claims should be dismissed because they presuppose the lack of a written contract, which is inconsistent with BKW's allegation that the Subject Property is governed by the terms of the BOW lease.  ECF No. 13 at 7.  In particular, Defendants argue that BKW's unjust enrichment claim must be dismissed because "a party cannot bring an action for implied contract or quasi-contract where a written valid agreement covers the parties' dispute."  *Westcott v. Wells Fargo Bank, N.A.*, 862 F. Supp. 2d 1111, 1116-17 (W.D. Wash. 2012).  BKW responds that this argument ignores liberal pleading rules that allow a plaintiff to plead alternative statements of a claim.  *See* Fed. R. Civ. P. 8(d)(2).   Additionally, at oral argument, BKW

argued that to dismiss the equitable claims would be premature, and hypothesized that *if* the Court were to find for some reason that the BOW lease was invalid, an equitable theory like unjust enrichment might be applicable.

It is widely held under Washington law that unjust enrichment does not apply where a valid written contract governs the parties' dispute. *See Westcott*, 862 F. Supp. 2d at 1116-17; *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1186-87 (W.D. Wash. 2010); *see also Total Coverage, Inc. v. Cendant Settlement Services Group, Inc*., 252 Fed.Appx. 123, 126 (9th Cir. 2007) (Under California law, an action in quasi-contract does not lie "when an enforceable, binding agreement exists defining the rights of the parties."). BKW does not appear to dispute that a valid written contract exists, in fact, it explicitly alleges in its Complaint that the terms of that contract were breached by both Defendants. *See* ECF No. 1 at ¶ 17-22. Moreover, BKW repeatedly argues in their responsive briefing that they are seeking to hold Columbia liable under the terms of the BOW lease. Thus, the Court finds that BKW's allegations fail to state a claim for unjust enrichment.

BKW argues it is entitled to plead both the express contract and its quasi-contract claims in the alternative under Fed. R. Civ. P. 8(e)(2). As the Ninth Circuit explained, the liberal pleading policy has its limits, a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in

question, subject to Rule 11 standards.  *Total Coverage, Inc. v. Cendant Settlement Services Group, Inc*., 252 Fed.Appx. at 126.  Here there is no doubt about the existence of the BOW lease. Indeed, the FDIC has fully acknowledged its existence and operability.  ECF No. 13 at 2-3.  Thus, BKW is not allowed to feign that the lease may be illusory in order to allow it to pursue its unjust enrichment and quantum meruit allegations.

### 3.  Statute of Frauds

Under the statute of frauds, any contract which by its terms cannot be performed within one year, including leases, must be in writing.  Wash. Rev. Code § 19.36.010; *see also Family Medical Bldg., Inc. v. Dept. of Social and Health Servs.*, 104 Wash.2d 105, 108 (1985).  BKW does not allege the existence of any writing other than the BOW lease, which is a 25 year lease that by its terms cannot be performed within one year.  Thus, to the extent that BKW is alleging that Defendants FDIC and/or Columbia impliedly entered into a separate lease with BKW for the Subject Property, Defendants argue that the statute of frauds bars its claims for part performance and promissory estoppel.[6]

---

[6] BKW offers the novel, albeit unavailing, argument that if the FDIC is found to have breached the terms of the BOW lease, then the terms of the BOW lease would be enforceable including acceleration terms, which would allow the contract to be performed within one year and render the statute of frauds defense "moot." ECF

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 16

### a. Part Performance

Under Washington law, courts determine whether part performance of an agreement may serve to take it out of the statute of frauds according to three factors: "(1) delivery and assumption of actual and exclusive possession; (2) payment or tender of consideration; and (3) the making of permanent, substantial and valuable improvements, referable by contract." *Powers v. Hastings*, 93 Wash.2d 709, 717 (1980). If specific performance of the agreement is sought, the contract must be proven by clear and unequivocal evidence "which leaves no doubt as to the terms, character, and existence of the contract." *Berg v. Ting*, 125 Wash.2d 544, 556 (1995). However, where legal damages are sought, rather than specific performance, less than clear and unequivocal evidence will suffice to remove a contract from the statute of frauds. *Powers*, 93 Wash.2d at 717.

No. 25 at 19-20 (citing ECF No. 1-1 at ¶ 20). BKW offers two district court cases as "general" support for this argument, however, neither case even mentions the statute of frauds, much less analyzes this type of acceleration argument. The statute clearly requires any contract that cannot be performed within one year by its terms to be in writing. The BOW lease is for the period of 25 years, thus, the Court finds that any implied "assumption" of said lease, as alleged by BKW, is "by its terms" unable to be performed within one year and within the statute of frauds barring a valid exception.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 17

BKW's Complaint cites to the terms of the existing BOW lease and claims that the terms of said lease are "clear and unequivocal."  Additionally, the Complaint alleges conduct establishing part performance by Columbia and/or the FDIC including "possession and occupancy of the Subject Property," making payments "in accordance with the [BOW lease]," and making "substantial improvements and alterations to the Subject Property."  ECF No. 1 at ¶¶ 24-25, 27. The FDIC argues that these actions are consistent with the FDIC's rights and obligations under the existing BOW lease by operation of law under FIRREA, and therefore BKW cannot provide any evidence the FDIC created or assumed a contract with BKW because this conduct is entirely consistent with the Receiver's rights under the BOW lease.  *See Miller v. McCamish*, 78 Wash.2d 821, 829 (1971) ("the acts relied upon as constituting part performance must unmistakably point to the existence of the claimed agreement.  If they point to some other relationship, … or may be accounted for on some other hypothesis, they are not sufficient.").  Similarly, Columbia argues that its occupancy of the Subject Property and the payment of rent were consistent with its rights and obligations under the PAA, which does not evidence the existence of a lease with BKW sufficient to overcome the statute of frauds.

BKW responds that it has sufficiently pled each of the required three factors required to establish part performance, and that the "clear and unequivocal"

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 18

1  standard does not apply in the instant case because it is seeking legal damages in

2  addition to specific performance.  *See Powers*, 93 Wash.2d at 717.  As an initial

3  matter, the Court finds that BKW's Complaint merely offers a formulaic recitation

4  of the elements of the part performance "claim," and thus fails to withstand a

5  12(b)(6) motion.  *See Twombly*, 550 U.S. at 555.  Moreover, the Court agrees with

6  Defendants that even under a lesser standard than "clear and unequivocal," [7] BKW

7  fails to point to the existence of a contract between itself and either Defendant that

8  cannot be accounted for under the existing BOW lease or the PAA.  See *Miller*, 78

9  Wash.2d at 829.  Additionally, the assertions in BKW's Complaint do not establish

10  that the occupancy of the Subject Property and payment of monthly rent imply the

11  existence of a contract between BKW and either Defendant outside of the FDIC's

12  compliance with the terms of the BOW lease governing the parties' relationship

13  pursuant to FIRREA, or Columbia's performance under the terms of the PAA.

14  Thus, the Court finds that BKW's "part performance" cause of action fails to state

15  a plausible claim as a matter of law.

16  [7] The Court notes that the Complaint seeks both legal damages and  specific

17  performance, thereby creating a possible issue regarding the requisite standard of

18  proof.  However, the Court finds that BKW completely fails to establish the

19  existence of a contract between itself and either Defendant outside the BOW lease

20  itself, thereby making it unnecessary for the Court determine appropriate standard.

**b.  Promissory Estoppel**

Washington has consistently declined to accept the argument that contracts within the statute of frauds may be enforceable under the doctrine of promissory estoppel.  *See Greaves v. Medical Imaging Systems, Inc.*, 124 Wash.2d 389, 397-401 (1994) (discussing a line of Washington cases refusing the adopt Restatement (Second) of Contracts, § 139 (formerly § 217A) and rejecting promissory estoppel when the statute of fraud applies).  As argued by BKW, there is one exception to this general rule, namely: a party cannot rely on the statute of frauds as a defense to the enforcement of a contract when that party promises, implicitly or explicitly, to make a memorandum of the contract, which is relied on by another party, and that promise is broken.  *See Klinke*, 94 Wash.2d at 259 (declining to adopt § 217A unless necessary to effectuate justice).

It is unclear to the Court whether BKW is asserting promissory estoppel as an affirmative claim or merely as an exception to the defense of statute of frauds. As argued by Columbia, even if BKW's Complaint adequately alleged that promissory estoppel created a valid contract with Columbia (or the FDIC), the statute of frauds would still prohibit its enforcement.  *See* Wash. Rev. Code § 19.36.010; *see also Havens v. C&D Plastics, Inc.*, 124 Wash.2d 158, 173 (1994) (doctrine of promissory estoppel may apply in the absence of mutual assent or consideration, but cannot be used to supply the promise element to find a valid

1   contract).  Moreover, Washington law is clear that the promissory estoppel

2   doctrine does not remove a contract from the statute of frauds except if BKW

3   offered evidence that Columbia and/or the FDIC implicitly or explicitly promised

4   to make a memorandum of a contract, and then broke that promise.  *See Klinke*, 94

5   Wash.2d at 259.  As discussed above, BKW relies completely on the FDIC's

6   performance as Receiver under the already existing BOW lease, and the assertion

7   that conduct by Columbia indicated their assumption of said BOW lease.  Thus, the

8   Court finds no facts in the Complaint indicating a promise to make a separate

9   memorandum of a contract, or that the promise to make such a contract was

10  broken.  Regardless of how BKW intended to plead the claim of promissory

11  estoppel, it fails as a matter of law.

12      **D. Takings Claim**

13      The "takings clause" of the Fifth Amendment provides that "private property

14  [shall not] be taken for public use, without just compensation."  U.S. Const.

15  amend. V.  BKW alleges that Defendant FDIC's actions constitute an inverse

16  taking of BKW's private property because it "failed and/or refused to institute

17  eminent domain proceedings for any leasehold interest of a duration less than the

18  remaining term of the [BOW lease] and as a result Defendant FDIC "has taken and

19  damaged and/or impaired" BKW's property, including the BOW lease contract,

20  without paying just compensation.  ECF No. 1 at ¶¶ 43-45.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 21

Defendant FDIC argues that judicial review of BKW's takings claim is barred because BKW failed to exhaust administrative remedies. *See* 12 U.S.C. § 1821(d)(6)(A), (d)(13)(D). The FDIC also alleges that BKW does not plausibly allege that the taking of the property does not substantially advance a legitimate government interest or deprives it of all economically viable use of the property. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992).

Irrespective of the merit of these arguments, neither party raised the issue of subject matter jurisdiction (aside from the exhaustion context) in their briefing. The Court raises it, *sua sponte*, and for the reasons stated below, dismisses the takings claim for lack of subject matter jurisdiction. Pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction to render judgment on any takings claim for money damages exceeding $10,000. *Eastern Enterprises v. Apfel*, 524 U.S. 498, 520 (1998). "Accordingly, a claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance, unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute. *Id.* FIRREA does not include an express withdrawal of the Tucker Act grant of jurisdiction. Therefore, BKW must assert its takings claim, which is well in excess of $10,000, against the FDIC in the

Court of Federal Claims.  BKW's takings claim is dismissed, without prejudice,[8] for lack of subject matter jurisdiction.

**E. Damages**

Defendant FDIC asks the Court to dismiss BKW's claim for damages for future rent and attorney's fees because they are outside the purview of FIRREA's remedies.[9]  At oral argument, counsel for the FDIC conceded that while not

---

[8] This claim is dismissed without prejudice, as BKW may bring its takings claim before the Court of Federal Claims.  However, the Court is highly skeptical of BKW's assertion at oral argument that it may be able to assert a takings clause violation of the Washington State Constitution against the FDIC in this Court.  Sovereign immunity is waived only under the terms of the Tucker Act which, as indicated above, is predicated on exclusive jurisdiction in the Federal Court of Claims.  *See United States v. Mitchell*, 463 U.S. 206, 215 (1983).

[9] Under FIRREA, the FDIC's liability as Receiver for repudiation of a lease is limited to unpaid rent up until the date of the appointment of the Receiver, and contractual rent from the date of appointment until the effective date of repudiation.  12 U.S.C. § 1821(e)(3)-(4)(lessor has "no claim for damages under any acceleration clause or other penalty provision in the lease.").  Further, damages for repudiation are limited to "actual direct compensatory damages"

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 23

expressly available under FIRREA, attorney's fees may be recoverable under the terms of the BOW lease.  Similarly, the Court finds it premature to dismiss damages sought on a breach of contract claim that the FDIC declined to challenge in the instant motion to dismiss.   While the Court is mindful that damages for future rent are clearly prohibited under FIRREA, the remaining breach of contract claim against Defendant FDIC, as pled by BKW, is not limited to a claim brought under FIRREA.  Thus, at this stage of the proceedings, the Court denies the FDIC's request to dismiss BKW's claim for damages.

### F. Leave to Amend

Even when a complaint fails to state a claim for relief, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).  The standard for granting leave to amend is generous. See Fed. R. Civ. P. 15(a)(2).  The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

which does not include punitive or exemplary damages, damages for lost profits or opportunity, or damages for pain and suffering.  *Id*. at § 1821(e)(3).

1    The Court finds no evidence of bad faith or undue delay on the part of

2   BKW, nor is there any indication of prejudice to the opposing party at this early

3   stage of the proceedings.  However, these factors are heavily outweighed by

4   futility of amendment.  As indicated above, all of the claims against Defendant

5   Columbia, as well as the equitable claims against Defendant FDIC were dismissed

6   as a matter of law.  The takings claim was dismissed for lack of subject matter

7   jurisdiction.  It is clear to the Court that these claims could not be saved by

8   amendment.  Thus, the Court finds that leave to amend would be futile under these

9   circumstances and declines to grant leave to amend the Complaint as to the claims

10   dismissed in this Order.

11   **ACCORDINGLY, IT IS HEREBY ORDERED:**

12        1.   Defendant Federal Deposit Insurance Corporation's Motion to Dismiss,

13             ECF No. 12, is **GRANTED**.  The part performance, promissory

14             estoppel/implied contract, equitable estoppel, and quantum meruit/unjust

15             enrichment claims are dismissed with prejudice.  The takings claim is

16             dismissed without prejudice.

17        2.   Defendant Columbia State Bank's Motion to Dismiss, ECF No. 19, is

18             **GRANTED**.

19        3.   Defendant Columbia State Bank is **DISMISSED** from this action.

20

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 25

1    The District Court Executive is hereby directed to enter this Order, provide

2  copies to counsel, and terminate Columbia State Bank as a party herein.

3    **DATED** this 25th day of January, 2013.

4

5

THOMAS O. RICE
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 26