1

2

3

4

5                 UNITED STATES DISTRICT COURT

6                 EASTERN DISTRICT OF WASHINGTON

7   BKWSPOKANE LLC, a Washington
    limited liability company,              NO:  12-CV-0521-TOR
8
                         Plaintiff,         ORDER DENYING PLAINTIFF'S
9                                           MOTION FOR RECONSIDERATION
           v.
10
    FEDERAL DEPOSIT INSURANCE
11  CORPORATION, as receiver for Bank
    of Whitman,
12
                         Defendant.
13

14        BEFORE THE COURT is Plaintiff's Motion for Reconsideration to

15  Amend/Clarify Order Granting Motion for Summary Judgment (ECF No. 137).

16  This matter was submitted for consideration without oral argument.  The Court has

17  reviewed the briefing and the record and files herein, and is fully informed.

18  ///

19  ///

20  ///


ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

BACKGROUND

Plaintiff BKWSPOKANE ("BKW") seeks reconsideration of the Court's April 2, 2014, Order on Cross Motions for Summary Judgment (ECF No. 134), denying Plaintiff's motion and granting the motion of Defendant Federal Deposit Insurance Corporation ("FDIC").

FACTS

Before its closure, Bank of Whitman ("BOW") was conducting business in several Eastern Washington locations, including the building at the center of the instant dispute, 618 West Riverside Avenue in Spokane ("the Building"). Plaintiff BKW purchased the entire building from BOW and entered into a long-term triple net lease back Master Lease Agreement with BOW.

On August 5, 2011, the Washington State Department of Financial Institutions closed BOW and appointed Defendant FDIC as receiver. The FDIC entered into an agreement with Columbia State Bank ("CSB") under which CSB agreed to acquire certain portions of BOW and was granted by the FDIC an option period of 90 days to determine if it would also assume or reject certain contract and lease obligations, including the Master Lease with over 20-years remaining on that obligation. CSB ultimately decided not to assume the Master Lease. On February 27, 2012, the FDIC notified BKW that it was repudiating the contract effective June 30, 2012.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

BKW sued the FDIC, alleging *inter alia*, breach of contract, and that though FDIC was empowered to repudiate the lease within a reasonable period under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. §1821(e) et seq., its repudiation was untimely. On the parties' cross motions for summary judgment, the Court granted judgment for Defendant, finding that the repudiation was timely.

In the motion now before the Court, Plaintiff seeks reconsideration under Fed. R. Civ. P. 59(e). ECF No. 137 at 1. For the reasons discussed below, the motion will be denied.

DISCUSSION

A court may review a motion for reconsideration under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. Reconsideration is properly denied when the movant "present[s] no arguments . . . that had not already been raised" in the underlying motion. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

1    BKW moves the court for reconsideration, arguing that the Court should

2   reconsider the its dismissal of BKW's claim without consideration of BKW's right

3   to damages suffered in reliance on the Master Lease Agreement, ECF No. 137 at 4.

4   Plaintiff argues that it "purchased the property located at 618 West Riverside,

5   Spokane, Washington for $13,980,000 based solely on the premise that Bank of

6   Whitman would enter into and properly perform under the Master Lease

7   Agreement," and that but for this agreement BKW would not have agreed to

8   purchase the building. *Id*. Plaintiff contends that the Court entirely disregarded this

9   argument in its order, and that FIRREA limits recoverable damages to "actual

10  direct compensatory damages," 12 U.S.C. § 1821(e)(3)(A), which include reliance

11  damages. ECF No. 137 at 4.

12    As the Court explained in its order on the parties cross motions for summary

13  judgment, ECF No.  134, under FIRREA the FDIC, as receiver has, *inter alia*, the

14  authority to repudiate contracts and leases:

15    In addition to any other rights a conservator or receiver may have, the
      conservator or receiver for any insured depository institution may disaffirm
16    or repudiate any contract or lease—

17       **(A)** to which such institution is a party;

18       **(B)** the performance of which the conservator or receiver, in the
          conservator's or receiver's discretion, determines to be
19          burdensome; and

20

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

   **(C)** the disaffirmance or repudiation of which the conservator or
        receiver determines, in the conservator's or receiver's discretion,
        will promote the orderly administration of the institution's affairs.

12 U.S.C. § 1821(e)(1).

   Paragraph (3), which BKW cites above, addresses "claims for damages for repudiation…*in general*," and provides that damages are "limited to actual direct compensatory damages" "*[e]xcept* as otherwise provided in subparagraph (C) and paragraphs (4), (5), and (6)…" 12 U.S.C. § 1821(e)(3) (emphasis added). As paragraph (4) provides, "[i]f the conservator or receiver disaffirms or repudiates *a lease* under which the insured depository institution was the lessee, the conservator or receiver *shall not be liable for any damages (other than damages determined pursuant to subparagraph (B))* for the disaffirmance or repudiation of such lease." 12 U.S.C. § 1821(e)(4)(A) (emphasis added).  Thus, as Defendant argues, the statute specifically excepts from the general rule in paragraph (3) damages for the repudiation of certain contracts or leases, such as the lease at issue. Under the damages provisions for repudiated leases, damages are limited and the lessor will:

   **(i)**   be entitled to the contractual rent accruing before the later of the
           date—

       **(I)**   the notice of disaffirmance or repudiation is mailed; or

       **(II)**  the disaffirmance or repudiation becomes effective,
               unless the lessor is in default or breach of the terms of the lease;

   **(ii)**  have no claim for damages under any acceleration clause or other
           penalty provision in the lease; and

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

**(iii)** have a claim for any unpaid rent, subject to all appropriate offsets and defenses, due as of the date of the appointment which shall be paid in accordance with this subsection and subsection (i) of this section.

12 U.S.C. § 1821(e)(4)(B). Thus, reliance damages are not "specifically authorized under FIRREA," as Plaintiff argues. Rather, the statute explicitly limits liability for properly repudiated leases.

In its reply, BKW contends that a lease is a contract, and as such the repudiation damages provisions of § 1821(e)(3)(A)(i) allow for reliance damages. ECF No. 154 at 3 ("To suggest that the Master Lease is not a 'contract' is a specious argument. The Court can easily confirm that the terms 'contract,' 'lease,' and 'agreement' are used interchangeably and intermittently throughout the statute. The obvious reason is that used generically, they are terms that have no distinction under the law with respect to describing legal arrangements obligating parties to perform terms and conditions.").

This argument is unpersuasive; the terms clearly have a legal distinction. An agreement is "[a] mutual understanding between two or more persons about their relative rights and duties regarding past or future performances; a manifestation of mutual assent by two or more persons." Black's Law Dictionary (9th ed. 2009). A contract is "[a]n agreement between two or more parties creating obligations that are enforceable or otherwise recognizable at law." *Id*. A lease is "[a] contract by

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 6

1   which a rightful possessor of real property conveys the right to use and occupy the

2   property in exchange for consideration." *Id*. Thus, by definition, a lease is a

3   contract, and a contract is an agreement. But not all agreements are legally

4   enforceable contracts, nor are all contracts leases. The agreement between BKW

5   and BOW is titled "Master Commercial Lease Agreement" and provides that "the

6   term of this Lease shall be for 25 years" and that "Lessee's basic rental obligation

7   shall consist of the Monthly Rent described below." ECF No. 68-4. Thus, it fits

8   squarely into the definition of a "lease." That the Court and parties refer to BKW's

9   lease to BOW as a contract or an agreement (which it is) does not make it any less

10  a lease subject to FIRREA's lease-repudiation provisions. BKW's argument

11  produces an absurd result: if Congress had intended all leases to be analyzed

12  generally as contracts, FIRREA's provisions regarding leases would be

13  meaningless.

14      Nor are the cases BKW cites in support of its contentions persuasive, as they

15  all relate to repudiation of contracts. *See DPJ Co. Ltd. P'ship v. F.D.I.C.*, 30 F.3d

16  247, 250 (1st Cir. 1994) (in contract repudiation, reliance damages are "actual

17  direct compensatory damages"); *MCI Commc'ns Servs., Inc. v. F.D.I.C.*, 808 F.

18  Supp. 2d 24, 33 (D.D.C. 2011) (costs paid "in reliance on the contract[] are

19  compensatory damages under FIRREA."); *Nashville Lodging Co. v. Resolution*

20  *Trust Corp.*, 59 F.3d 236, 246 (D.C. Cir. 1995) ("The fact that reliance damages

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7

are backward-looking does not destroy their pedigree as a species of compensatory relief.").

Accordingly, the Court reiterates that the plain language of FIRREA explicitly provides that the FDIC "shall not be liable for any damages" for proper repudiation of a lease "under which the insured depository institution was the lessee" other than "contractual rent" accruing before the notice of repudiation is mailed or the repudiation becomes effective and any "unpaid rent" as of the date of the appointment. 12 U.S.C. § 1821(e)(4). The Court found that the FDIC's repudiation was timely and therefore proper. Thus, there is no suggestion that the Court's order was in "clear error" or "manifestly unjust," nor has Plaintiff presented "newly discovered evidence" or a "change in controlling law." *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1262.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (ECF No. 137) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** May 16, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 8